# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lindsay Naythons,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Chris Kuser,<br>Margie Cohn,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:26-cv-07045-SPG-DMK<br><br>**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
- ☒ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attach

July 22, 2026
Date

United States District Judge

On June 1, 2026, Plaintiff Lindsay Naythons ("Plaintiff") filed a Complaint and a Request to Proceed In Forma Pauperis with the United States District Court for the Eastern District of Pennsylvania. (ECF Nos. 1-2). On June 1, 2026, Plaintiff filed an "Amended Complaint." (ECF No. 6). On June 24, 2026, the case was transferred from the Eastern District of Pennsylvania to this Court. (ECF No. 10).

Plaintiff alleges that Defendants Chris Kuser and Margie Cohn ("Defendants") misappropriated Plaintiff's idea to produce an animated version of the television show "The Munsters." See (ECF No. 6 at 1). Plaintiff seeks to hold Defendants liable for breach of an implied contract and conversion. See (id. at 4).

Plaintiff previously filed a lawsuit against Kuser and Cohn in the District of New Jersey based on the same factual allegations, alleging the same claims. See Naythons v. Kuser, Case No. 1:25-cv-18242-CPO-EAP, ECF No. 1 (D.N.J. Dec. 5, 2025). On April 30, 2026, the presiding judge in that action dismissed Plaintiff's complaint with prejudice. See ECF No. 35.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has reviewed the Amended Complaint to determine whether this action is frivolous or malicious, the complaint fails to state a claim upon which relief can be granted, or Plaintiff seeks monetary relief against a defendant immune from such relief.

Courts may deny a plaintiff leave to proceed in forma pauperis and dismiss a complaint based on res judicata. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam); see also Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal based on res judicata), abrogated on other ground by Neitzke v. Williams, 490 U.S. 319, 326-28 (1989). "Res judicata . . . bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

Res judicata applies when there is an (1) "an identity of claims"; (2) "a final judgment on the merits"; and (3) "identity or privity between parties." Western Radio Services Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). In the District of New Jersey action, Plaintiff asserted the same claims, based on the same alleged facts, against the same parties. See Naythons v. Kuser, Case No. 1:25-cv-18242-CPO-EAP, ECF No. 1 (D.N.J. Dec. 5, 2025); see also ECF Nos. 2, 6, 8, 21, 30. By dismissing Plaintiff's case with prejudice, the District of New Jersey rendered a final judgment on the merits. See Leon v. IDX Systems Corp., 464 F.3d 951, 962 (9th Cir. 2006) (dismissal with prejudice as final judgment on the merits). Therefore, Plaintiff's claims are barred by res judicata.

Because the action is barred by res judicata, leave to amend is not warranted. See Cobb v. Juarez, 584 F. App'x 418, 419 (9th Cir. 2014) (amendment of claims barred by res judicata would be futile). Therefore, Plaintiff's Amended Complaint is dismissed with prejudice.

(*attach additional pages if necessary*)